**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| SHAVAUGHAN CARLOS WILSON-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:06-cv-194-JMS-WGH |
| | ) | |
| KEVIN HUNTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Further Relief**

This civil rights action was resolved after much effort. An agreement for resolution of the case was reached at a settlement conference conducted by the Magistrate Judge on November 3, 2010. The terms of the settlement were carried out in the action was dismissed through the stipulation of the parties filed with the clerk on February 22, 2011. The plaintiff thereafter filed his motion for further relief on March 18, 2011, which is the motion currently before the court.

The parties' written stipulation provided that the action was dismissed with prejudice. The stipulation was filed pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. The plaintiff, who remains a prisoner of the State of Indiana, reports that he was thereafter treated in a manner he thought unwarranted. It is that treatment which precipitated the filing of his motion for further relief, wherein he seeks to be released from administrative segregation at the prison where he is confined, to be returned to the Indiana State Prison or some other facility from which he would be permitted to participate in college programming through Ball State University, and an order prohibiting the defendants from engaging in further acts of retaliation.

Having reviewed the record of the action, including specifically the circumstances under which the parties agreed to the dismissal of the action and the form of dismissal which followed, and having also considered the motion for further relief, the court finds that the motion for relief must be denied for at least two reasons.

First, the manner in which the action was resolved was, as already noted, through the parties' stipulation of dismissal with prejudice. The stipulation did not incorporate any agreement, was not contingent upon any further events, and did not call forth a judgment awarding affirmative relief to the plaintiff. The relief the plaintiff now seeks is not a court order issued in furtherance of its ancillary jurisdiction, nor even the "enforcement" of an agreement which is not in the record. *Cf. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). The consequence of these circumstances is clear beyond dispute.

Upon filing, the stipulation of dismissal terminated the court's jurisdiction to act in the manner sought by the plaintiff in his motion for further relief. *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006) ("[A] district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice."); *Morisch v. U.S.*, 709 F. Supp. 2d 672 (S.D. Ill. 2010).

Second, the plaintiff does not provide a legal basis for the relief he seeks as part of the action, even if the court had jurisdiction to do so. He does not seek to recant the agreement leading to the dismissal of the action. He regrets difficulties he experienced following agreement having been reached. This treatment may or may not be actionable in this or some other forum, but is certainly not a basis on which the court can award or consider the issuance of relief in this particular case. The Supreme Court has recognized the sentiment such as that expressed by the plaintiff and his motion for further relief. "Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows a free choice. . . . There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann v. United States*, 340 U.S. 193, 198 (1950).

Accordingly, the plaintiff's motion for further relief [175] is **denied**.

**IT IS SO ORDERED.**

Date: 06/30/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

SHAVAUGHN CARLOS WILSON
DOC # 917706
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. BOX 500
CARLISLE, IN 47838

Betsy M. Isenberg
INDIANA OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Akia Haynes
INDIANA OFFICE OF THE ATTORNEY GENERAL
akia.haynes@atg.in.gov